IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-273-BO

| | |
|---|---|
| LARRY D. NEWKIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 16, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on April 6, 2009, alleging disability since September 1, 2008. Plaintiff's claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, the ALJ found that plaintiff was not disabled in a decision issued on June 15, 2011. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

By order entered September 10, 2013, this Court reversed the decision of the Commissioner, finding that plaintiff's impairments satisfied the criteria for Listing 1.04A and alternatively that plaintiff was limited to sedentary work. *See Newkirk v. Colvin*, 7:12-CV-200-BO (E.D.N.C. Sept. 10, 2013). By order entered December 9, 2013, this Court granted the Commissioner's motion to alter or amend judgment under Fed. R. Civ. P. 59(e) in light of *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013). *Id.* (E.D.N.C. Dec. 9, 2013). The ALJ thereafter reconsidered plaintiff's claim for benefits and found that plaintiff was not disabled by decision dated October 14, 2015. Plaintiff again appealed the denial of disability benefits to this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient

2

duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In the decision on appeal, after finding that plaintiff last met the insured status requirements on December 31, 2013, and that plaintiff had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff's degenerative disc disease was a severe impairment. The ALJ went on to find that as of his date last insured plaintiff did not have an impairment or combination of impairments that met or equaled a Listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform light work except that he could stoop only occasionally. At step four, the ALJ found that plaintiff could not perform his past relevant work as an operator technician, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform as the additional limitation in plaintiff's RFC had little to no effect on the occupational base of unskilled light work. Accordingly, the ALJ found that plaintiff was not disabled.

Once again, substantial evidence does not support the ALJ's determination that plaintiff did not satisfy his burden to show that he met Listing 1.04A at step three. A claimant may be found disabled on medical grounds alone when he has a "condition [that] meets the specific criteria in the Listing of Impairments (the Listing) or is the equivalent of a listed impairment." SSR 83-19. In order to show that he meets a listing, a claimant must show that he meets all of the specified medical criteria of that Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

3

Listing 1.04 deals with disorders of the spine, including degenerative disc disease, resulting in compromise of a nerve root or the spinal cord. Listing 1.04A requires in addition to the above:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04.

In finding that plaintiff did not satisfy the criteria for Listing 1.04A, the ALJ concluded that the record did not contain evidence of motor loss or a positive straight-leg raise test. Tr. 292. The ALJ's conclusion is contradicted by the record. Motor loss accompanied by sensory loss was noted in 2009, with testing demonstrating reduced strength in plaintiff's right leg as well as reports of radiculopathy, weakness, and numbness. Tr. 253; 310; 241. The record further reveals a positive straight-leg raise test bilaterally. Tr. 251. Although the Commissioner argues that the record does not contain evidence of a positive straight-leg raise test which was performed in both the seated position and the supine position, as is required by the Listing, the Court may reasonably assume for these purposes that, absent indication otherwise, the straight-leg raise test performed by Dr. O'Malley was performed in both the seated and supine positions. Moreover, the straight-leg raise test is used "to determine whether nerve root irritation is a possible cause of a patient's pain." *Carlantone v. Colvin*, No. 14CV8204 (DF), 2015 WL 9462956, at *2 n. 7 (S.D.N.Y. Dec. 17, 2015). Here, the record plainly indicates that plaintiff's disk extrusion contacted and displaced the SI and L5 nerve roots. Tr. 253. Thus, that Dr. O'Malley did not in his office note specify whether the straight-leg raise tests he performed were administered in the supine or seated positions or both should not be fatal to plaintiff's claim that his condition satisfies Listing 1.04A. Additionally, Dr. O'Malley's straight-leg raise test was performed in some position, and if presented with "insufficient evidence such that the ALJ was

4

unable to determine whether plaintiff was disabled, the ALJ was required to 'try to' resolve the insufficiency by (1) recontacting the treating physician, (2) requesting additional records, (3) requesting plaintiff undergo a consultative examination, or (4) asking plaintiff for more information." *Bishop v. Colvin*, No. CIV.A. 14-4068-CM, 2015 WL 5472494, at *5 (D. Kan. Sept. 17, 2015) (citing 20 C.F.R. § 404.1520b(c)).

As discussed above and in the Court's prior ruling, there is substantial evidence in the record to support that plaintiff's condition satisfies the remaining requirements of Listing 1.04A. *See, e.g.*, Tr. 235 (neuroanatomic distribution of pain); Tr. 245, 253 (limited range of motion); Tr. 221, 222, 241 (weakness, numbness characterized as radiculopathy); *Newkirk v. Astrue*, No. 7:12-CV-200-BO (E.D.N.C. Sept. 10, 2013); *see also Radford*, 734 F.3d at 294 (a claimant "need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition. . . . [or] that the symptoms were present in the claimant in particularly close proximity" to demonstrates that he meets the Listing.).

Alternatively, as the Court previously found, the record in this matter does not support that plaintiff can perform more than sedentary work and substantial evidence does not support a finding to the contrary. Plaintiff's treating physician's assistant (PA) opined that plaintiff was limited to thirty minutes in his ability to sit and stand, could lift and carry no more than ten pounds at a time, and could walk no more than twenty minutes at a time. Tr. 493. The ALJ afforded this opinion little weight as a PA is not an acceptable medical source under 20 C.F.R. § 404.1513(a) and the record indicated that plaintiff had a stable gait and balance and was ambulatory on examination. Tr. 293-94. The Social Security Administration and this Court have both previously recognized the value of opinions provided by non-physician medical

5

professionals, *see Foster v. Astrue*, 826 F. Supp.2d 884, 886 (E.D.N.C. 2011) (citing SSR 06-03p), and the fact that plaintiff's gait and balance were stable has little or no bearing on whether plaintiff would be able to stand or walk for a good deal of the work day as would be required if performing light work. 20 C.F.R. § 404.1567(b); *see also Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (ALJ may not "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). The objective evidence provides a medically determinable impairment which would cause pain, and plaintiff's reports to his treating providers and hearing testimony support that he is limited to less than sedentary work. *See Hines v. Barnhart*, 453 F. 3d 559, 564 (4th Cir. 2006).

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Plaintiff has demonstrated that he has satisfied the criteria for Listing 1.04A and alternatively that he could not perform more than sedentary work, which would require a finding of disabled under 20 C.F.R. Part 404, Subpt. P, App. II. For these reasons, and as this claim has

6

Case 7:15-cv-00273-BO   Document 29   Filed 03/23/17   Page 6 of 7

been pending since 2009, a second remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby REVERSED.[1]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __22__ day of March, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has found that plaintiff would be disabled as of the date of his first application it declines to consider plaintiff's additional argument regarding reopening of a subsequently-filed application.

7